WIGGINTON, Chief Judge.
Appellant, a licensed life and disability insurance agent, has appealed from an order rendered by the Insurance Commissioner suspending for a period of one year all1 insurance licenses theretofore issued appellant. He contends that the order of suspension was erroneously rendered and1 should be reversed on any one of six points, argued in his brief. Of the issues raised we find it necessary to discuss only one.
The notice served on appellant by the commissioner charges a violation of certain sections of the insurance code. The charges-are based upon a twelve-page written statement identified as a comparative analysis or statistical report admittedly prepared by appellant and furnished to a client to whom appellant had previously sold certain policies of life insurance. The apparent purpose of the written statement was to assure the client he had acted wisely in cancelling insurance policies previously purchased1 from another company, and replacing them, with the policies sold him by appellant.
It is earnestly contended that the order of suspension should be reversed for the reason that it contains no specific findings of fact on which the commissioner based his ultimate conclusion that appellant was guilty of violating provisions of the insur- *318 anee code. Appellant urges that such omission not only violates the mandatory requirements of the statute, but also makes it impossible for him to demonstrate by the record that the facts, if any, on which the commissioner relied are not supported by substantial evidence.
The statute under which this proceeding was conducted specifies the matters which must be contained in any order of suspension or revocation entered by the commissioner. The statute provides :
“The order shall contain specific findings of fact by the commissioner in relation to the matter[s] before him, such findings to be based upon a preponderance of the evidence. Any party may file with the commissioner proposed findings of fact, to be accepted or rejected by the commissioner.” [1]
From the foregoing statute it is patently clear that any order of suspension entered by the commissioner must contain specific findings of fact on which his ultimate conclusion is based, which findings of fact must be supported by a preponderance of the evidence adduced at the hearing.
1 With respect to appellate review of orders of the type entered by the commissioner, the statute provides:
“(1) All findings of fact, final rulings, orders, or decisions of the commissioner shall be subject to review by appeal to the district court of appeal, first district. Such an appeal shall be ■commenced within sixty days after the rendition of such ruling, order, or decision, and in compliance with the rules of procedure as prescribed by the supreme court of Florida for appeals.
“(2) The district court of appeal shall affirm, reverse, or modify the commissioner’s ruling, order, or decision appealed from. To the extent so affirmed, the court shall thereupon issue its own order commanding obedience to the commissioner’s ruling, order, or decision; or, the court may remand the ruling, order, or decision to the commissioner for action in accordance with its order.
“(3) This section does not apply as to part I of chapter 627 (rates and rating organizations).” [2]
From the above quoted statute it clearly appears that when an order of suspension is appealed to this court, and the sufficiency of the evidence to support the order is questioned, it becomes our duty to review the record for the purpose of determining whether the findings of fact as recited in the commissioner’s order are supported by competent substantial evidence. It seems quite clear that this court will be unable to accord a fair and impartial review of the commissioner’s order unless, in the first instance, it contains specific findings of fact from which the conclusion of guilt is reached.
The order of suspension involved herein recites that after having reviewed the written transcript of the testimony and evidence, and being fully advised in the premises, the commissioner is of the opinion and finds:
“1. As to Charge I there is insufficient evidence to prove the allegations therein and said agent is found not guilty as to Charge I.
“2. As to Charge II the evidence supports the allegations and Robert E. Collignon is found guilty of the acts as set forth therein, namely: that said agent did cause to be made, circulated and presented to Dr. Weinkle, a written statement, or analysis, wherein he misrepresented and made misleading statements as to the terms of policies issued or to be issued and as to the financial condition of Fidelity Bankers Life Insurance Corporation, contrary to and in *319 violation of the Florida Statutes as charged.
“3. As to Charge III the evidence supports the allegations and Robert E. Collignon is found guilty of the acts as set forth therein, namely: that said agent made, issued and presented to Dr. Weinkle, a written statement or analysis containing misleading statements and incomplete comparisons derogatory to the financial condition of Fidelity Bankers Life Insurance Corporation, contrary to and in violation of the Florida Statutes as charged.”
Appellant contends that the foregoing falls far short of constituting specific findings of fact as required by the statute, and can be considered nothing more than an ultimate conclusion of law reached by the commissioner which forms the basis of the suspension order. With this contention we are impelled to agree.
The purported findings with respect to charge II as recited above are to the effect that appellant did cause to be made, circulated and presented to Dr. Weinkle, a written statement or analysis. This portion of the order does constitute a finding of fact, all of which was admitted by appellant at the hearing. The remainder of the order with respect to charge II finds that appellant misrepresented and made misleading statements as to the terms of policies issued or to be issued and as to the financial condition of Fidelity Bankers Life Insurance Corporation. Whether or not the written statement or analysis contained misrepresentations or misleading statements are mere conclusions which must be supported by specific findings of fact. For the statement to constitute a misrepresentation within the contemplation of law, the misrepresentation must have related to one or more of the material facts specified in the insurance code; must have been found to be false, and known by appellant to be false, or made carelessly without knowledge of the facts represented; and was made with the intent that it be acted upon by Dr. Weinkle. The same factors would have to be established by the evidence and found by the commissioner with respect to alleged misleading statements made by appellant. The order of suspension contains no findings of fact from which the legal conclusion could be drawn that the statement prepared by appellant constituted a misrepresentation, or was misleading as a matter of law. The same general observations are applicable to the purported findings with respect to charge III quoted above.
We therefore hold that the order of suspension fails to contain specific findings of fact as required by the statute, which findings must be set forth in the order before this court will be in position to properly review the correctness thereof.
We have carefully considered the remaining points on appeal, but find that they are either without substantial merit or are not ripe for consideration at this time in view of the further proceedings which will be necessary because of the matters herein-above discussed. Our declination to pass upon appellant’s remaining points on appeal shall be without prejudice to his right to reassert such of the remaining points as he may then be advised in the event of a subsequent appeal of this cause.
The order appealed is reversed and the cause remanded with directions that an appropriate order be entered in accordance with the views expressed herein.
CARROLL, DONALD K, J., concurs.
STURGIS, J., concurs specially.

. F.S. See. 624.0126(2), F.S.A.

. F.S. See. 624.0128, F.S.A.